UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

EMILIO PINERO,

Plaintiff,

v.

W.R.R. PETROLEUM CORPORATION,

Defendant.

_________________________________/

**COMPLAINT**

Plaintiff, EMILIO PINERO, by his undersigned counsel, hereby files this Complaint and sues, W.R.R. PETROLEUM CORPORATION, for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**PARTIES**

2. Plaintiff, EMILIO PINERO, is a resident of Florida and currently lives in Miami, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr. Pinero is a double leg amputee from the knees which requires his use of a wheel chair to ambulate. Mr. Pinero owns his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services

offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. Defendant, W.R.R. PETROLEUM CORPORATION, is a domestic company, which transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or operator of the Chevron, which is the subject of this action, located on or about 1121 S.W. 37th Avenue Miami, Florida (hereinafter the "facility").

4. The Defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

5. In this instance, Mr. Pinero visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

6. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

7. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

8. Mr. Pinero has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous

conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

9. Mr. Pinero intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

10. Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, *et. seq*., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

11. Defendant has discriminated against Mr. Pinero by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

I. There are non-compliant ramps/slopes that lead to the elevated pathway to the bathroom and entrance of store in violation of in violation of ADAAG 405 and 406.
II. There is no designated accessible path to the pathway/sidewalk to the bathroom or entrance in violation of ADAAG 402 and 403.
III. There is a non-complaint pathway to the entrance and bathroom. There is an ice machine, poles and other items blocking the pathway in violation of ADAAG 403.5.1 and 403.5.2.
IV. There is not enough clear floor space and no landing at the entrance door in violation of ADAAG 404.
V. There is no required clear floor space on the pull side of the entrance door in violation of ADAAG 404.2.3.
VI. There is no landing at the entrance door in violation of ADAAG 406.
VII. The handrails at the entrance ramp are in violation of ADAAG 403.5.1, 405 and 406.
VIII. The counter is too high in violation of ADAAG 904.3.2 and 226.
IX. The bathroom is no back grab bar in violation of ADAAG 604.
X. There is improper signage on the bathroom door in violation of ADAAG 703 and 703.1.
XI. The one designated disabled parking spot is not properly striped in violation of ADAAG 502
XII. The access ailse contains caps that create bumps and make it unsafe to maneuver in violation of
XIII. There is no accessible path from the designated disabled parking spot to the entrance and or bathroom in violation of 206 and 403.1.
XIV. The fuel dispenser and operable parts are in violation of ADAAG 308 and 309.

12. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

13. Mr. Pinero has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

14. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

16. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

17. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

*s/ Lauren Wassenberg*
LAUREN WASSENBERG, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 34083
1825 NW Corporate Drive
Suite 110
Boca Raton, Florida 33431
Ph: (561) 571-0646